Edward PERKOSKI, Appellant,

v.

THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellee.

No. 12159.

United States Court of Appeals, Sixth Circuit.

Decided Dec. 16, 1954.

Robert R. Disbro, Cleveland, Ohio (Howard M. Metzenbaum, Cleveland, Ohio, on the brief), for appellant.

Donald E. Ryan, Cleveland, Ohio (Donald W. Hornbeck, Edwin Knachel, Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, C. J., and ALLEN and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered upon a directed verdict for appellee in the district court in appellant's suit for personal injuries brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The appellant was injured when he stumbled over a rail and fell while crossing the appellee's tracks in the course of his employment. He contends it was error not to submit to the jury the question of whether appellee failed to use reasonable care to provide a reasonably safe place to work, by permitting a one-quarter to one-half inch flange-like protrusion on the section of rail where he fell.

We recognize that the authority of courts by direction of a verdict to withdraw from the consideration of a jury the question of defendant's negligence in a Federal Employers' Liability Act case "is now very restricted indeed." Keith v. Wheeling & L. E. Ry. Co., 6 Cir., 1947, 160 F.2d 654, 658.

Nevertheless, negligence remains the sole basis of liability under that statute. Tiller v. Atlantic Coast Line R. Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. We think the district court was not in error in directing a verdict for appellee upon the evidence in this case. There was "a complete absence of probative facts to support the conclusion" of negligence. Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

The judgment of the district court is therefore affirmed.